UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



NOV 14 2007

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ROBERT A. JENSEN,

       Plaintiff,

   -vs-

S.D. PAROLE & PARDON BOARD;
JC SMITH; Agent, Parole Board;
MICHAEL McGREEVY, SD Parole Board Member;
JAMES SHERIDAN; SD Parole Board Member;
SHARON LARSON, SD Parole Board Member;

       Defendants.

CIV. 07-4149

REPORT AND RECOMMENDATION
TO DISMISS UPON SCREENING

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending is the need to screen Mr. Jensen's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915.

Mr. Jensen was granted forma pauperis status (Doc. 6).

## BACKGROUND

Mr. Jensen is incarcerated at the South Dakota State Penitentiary in Sioux Falls. He has sued

the S.D. Parole & Pardon Board, Michael McGreevy, James Sheridan, and Sharon Larson, "Parole

Board Members." He alleges that he was falsely accused of several violations of his agreement and

he didn't plead guilty to any of the charges. For relief he requests to be reinstated to parole and

released from prison.

## DISCUSSION

An action may be dismissed for failure to state a claim upon which relief may be granted only

where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d

80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Mr. Jensen's claims are habeas corpus claims, not § 1983 claims. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841 , 36 L.Ed.2d 439 (1973).

In Heck v. Humphrey, 114 S.Ct. 2364, 512 U.S. 477, 129 L.Ed.2d 383 (1994), the Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. Id. 114 S.Ct. at 2372, 512 U.S. at 486-87; Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996). "If success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." Sheldon, 83 F.3d at 233.

Since Mr. Jensen complains about a wrongful revocation of his parole status and requests to

2

be reinstated to parole and immediately released from prison, his § 1983 action fails to state a claim upon which relief can be granted. Mr. Jensen did not expressly say his complaint is a § 1983 action, but he used the form provided for § 1983 actions. While his pleading can be construed as a § 1983 action even though he did not expressly say it is, his pleading cannot be construed as a 28 U.S.C. § 2254 (Habeas Corpus) complaint without warning him of the consequences of reclassification and giving him the opportunity to withdraw the pleading. Morales v. United States, 2002 WL 31000322 (8th Cir. 2002).

There are other reasons why his complaint should be dismissed as well. The South Dakota Board of Pardons and Paroles is not an entity which itself can be sued. Additionally, it is well established that parole board members are entitled to absolute immunity against damage suits arising out of dissatisfaction with their decisions. "Parole board members are absolutely immune from suit when considering and deciding parole questions . . . An official does not act outside her jurisdiction simply because she makes an unconstitutional or unlawful decision. Rather, the inquiry focuses on whether the subject matter of the decision was within the official's power, and whether the official was acting in her official capacity at the time of the decision. A decision about whether or not to grant parole is at the heart of a parole board member's jurisdiction, whether that decision is based on lawful or unlawful considerations." Patterson v. Von Riesen, 999 F.2d 1235, 1239 (8th Cir. 1993).

## FILING FEES

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant

3

to the screening procedures of § 1915 does not negate his obligation to pay the fee.  In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997).  The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous.  Anderson v. Sundquist, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998).  One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits.  The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995)

See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").  The full amount of the filling fee ($350.00), therefore, remains due.  Plaintiff must comply with the Court's Order dated October 31, 2007, and make an initial partial filing fee payment of $23.50 on or before December 7, 2007.

Plaintiff is advised that the dismissal of this lawsuit will be considered a "strike" for purposes of the Prison Litigation Reform Act.  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## CONCLUSION

It is **RECOMMENDED** that Mr. Jensen's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

4

## NOTICE

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this _14_ day of November, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By:_____, Deputy